IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALEX MATTOX,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>BRAD JOHNSON, Director; and C.C.S. CORRECTION CARE SOLUTIONS,<br><br>　　　　　　Defendants. | 8:17CV354<br><br>MEMORANDUM<br>AND ORDER |

Plaintiff filed a Complaint on September 22, 2017. ([Filing No. 1](#).) He has been given leave to proceed in forma pauperis. ([Filing No. 8](#).) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under [28 U.S.C. §§ 1915(e)](#) and [1915A](#).

## I. SUMMARY OF COMPLAINT

Plaintiff is a prisoner currently confined at the Lancaster County Department of Corrections. He brings this action pursuant to [42 U.S.C. § 1983](#) against the director of the Lancaster County Department of Corrections, Brad Johnson, and Correction Care Solutions in their official capacities for deliberate indifference to his serious medical needs. ([Filing No. 1](#).)

Plaintiff alleges that Correction Care Solutions, through its nurses and medical professionals, refused to provide Plaintiff with proper treatment for his diabetes throughout the month of August 2017. Plaintiff claims he was refused blood sugar checks and insulin on multiple occasions despite his high blood sugar levels and requests for treatment. Plaintiff has attached several "Inmate Medical/Mental Health Request Forms" in support of his allegations that he did not receive appropriate treatment. (*[Id.* at CM/ECF pp.14–16](#).) Plaintiff also filed a

grievance, but had not received a response at the time of the filing of his Complaint. (*Id.* at CM/ECF p.7.)

As a result of the alleged failure to provide appropriate treatment, Plaintiff has suffered "from Diabetic nerve damage making [his] arms/legs go numb several times from low amounts of potassium due to [his] blood sugar being so high." (*Id.* at CM/ECF p.5.) Plaintiff seeks $30,000 as compensation for the "lack of treatment" and "pain and suffering for 30 days." (*Id.*)

## II. APPLICABLE STANDARDS OF REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a]

pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

Plaintiff sues Brad Johnson and Correction Care Solutions in their official capacities. Liberally construed, Plaintiff's claim against Brad Johnson, the director of the Lancaster County Department of Corrections, is a claim against Lancaster County. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal entities amenable to suit."). Plaintiff alleges that Correction Care Solutions is the medical provider at the Lancaster County Department of Corrections, and the court assumes its provision of medical services constitutes acting under color of state law. *See Parsons v. Caruso*, 491 Fed.Appx. 597, 609 (6th Cir. 2012) (corporation that provides medical care to prisoners can be sued under § 1983). In order to state a plausible claim against either Lancaster County or Correction Care Solutions, Plaintiff must allege that a "policy" or "custom" caused a violation of his constitutional rights.

A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Similarly, "[a] corporation

acting under color of state law will be held liable under section 1983 for unconstitutional policies, but will not be liable on a respondeat superior theory." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007) (citing *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir.1993)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

> To establish the existence of a governmental custom, a plaintiff must prove:
>
> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Lancaster County's employees, or that Lancaster County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind the alleged constitutional violation. Likewise, Plaintiff has not alleged that Correction Care Solutions has a "policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983." *Sanders*, 984 F.2d at 976. In other words, Plaintiff has not alleged that Lancaster County or Correction

Care Solutions has a policy or custom of deliberately disregarding prisoners' objectively serious medical needs. Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against Lancaster County or Correction Care Solutions across the line from conceivable to plausible.

On its own motion, the court will grant Plaintiff leave to file an amended complaint that states a claim upon which relief may be granted against an individual responsible for Plaintiff's alleged injuries. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir.1997) ("[A] claim of medical indifference must be brought against those directly responsible for the prisoner's medical care."). Failure to file an amended complaint within the time specified by the court will result in the court dismissing this action without further notice to Plaintiff.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall file an amended complaint by **March 15, 2018**, that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set a pro se case management deadline using the following text: **March 15, 2018**: check for amended complaint.

Dated this 13th day of February, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge